a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KERRY PARISH, Plaintiff | CIVIL ACTION NO. 1:16-CV-1677-P |
| VERSUS | CHIEF JUDGE DRELL |
| KEITH DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Kerry Parish ("Parish") (#569518), filed *in forma papueris*. (Doc. 8). Parish is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Parish complains that Defendants failed to protect him from an attack by another inmate while Parish was incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Parish names as defendants Warden Keith Deville, Officer John Tullos, and Officer Jarvis Powell. (Doc. 5, p. 3).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Parish alleges that he was attacked by his cellmate. According to the exhibits, WCC officers escort inmates in handcuffs from the recreation yard to their cells. Once an inmate is locked in his cell, the handcuffs are removed. (Doc. 1, pp. 9-11).

On the date Parish was attacked, Defendants Tullos and Powell placed Parish in his cell with his cellmate. The officers removed the cellmate's handcuffs, but failed to remove Parish's handcuffs. Parish was left in his cell handcuffed for 20 minutes. (Doc. 1, p. 11). During that time, Parish's cellmate punched Parish in the face multiple times, "resulting in a busted lip." (Doc. 1, p. 10). Parish received medical treatment for his injury. (Doc. 1, pp. 9-11).

## II. Law and Analysis

### A. Parish's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Parish is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Parish's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Parish's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.   Parish does not state a claim under § 1983.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Horton v. Cockrell, 70 F.3d 397, 400–01 (5th Cir. 1995). However, not every injury "by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To establish a failure to protect claim, a plaintiff must show that he was detained "under conditions posing a substantial risk of serious harm and that [the defendants] were deliberately indifferent to [his] need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). "In order to act with deliberate indifference, 'the [defendants] must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.' " Id. (quoting Farmer, 511 U.S. at 837). That is, the defendant must have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834.

Parish states that Defendants Powell and Tullos failed to remove his handcuffs after Parish was returned to his cell. However, Parish does not allege that Defendants had a culpable state of mind. Parish does not claim that the officers intentionally left him in handcuffs or were even aware that Parish's handcuffs had not been removed. According to the Unit Head's response to Parish's grievance, the officers overlooked Parish, and received disciplinary action for the error. (Doc. 1, p. 10). In his response,

3

the DOC Secretary noted that "security staff inadvertently" left Parish handcuffed in a cell with another inmate who was not handcuffed. (Doc. 1, p. 11). What Parish has alleged is a negligence claim, which is also consistent with his exhibits. However, this type of negligence cannot support a failure to protect claim. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

The Court notes that Parish's original petition contained a caption for the Eighth Judicial District Court, Winn Parish. (Doc. 1, p. 1). To the extent that Parish wishes to proceed with a negligence lawsuit in state court, he must send his petition and exhibits directly to that court.

### III.  Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Parish's § 1983 complaint be DENIED and DISMISSED with prejudice pursuant to §§ 1915A and 1915(e)(2)(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __8th__ day of February, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge